# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | |
|---|---|
| **ELDRED L. REID,** ) | |
| ) | |
| Plaintiff/Appellant, ) | **Lake Circuit No. 95-7282** |
| ) | |
| **VS.** ) | **Appeal No. 02A01-9601-CV-00016** |
| ) | |
| **JERRY STOVER & CHARLES NOLES,** ) | |
| ) | |
| Defendants/Appellees. ) | |

APPEAL FROM THE CIRCUIT COURT OF LAKE COUNTY
AT TIPTONVILLE, TENNESSEE
THE HONORABLE JOE G. RILEY, JR., JUDGE

**FILED**

September 9, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

**ELDRED L. REID, pro se**
Tiptonville, Tennessee

**CHARLES W. BURSON**
**Attorney General & Reporter**

**LISA T. KIRKHAM**
**Assistant Attorney General**
Nashville, Tennessee
Attorneys for Appellees

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

Plaintiff, Eldred Reid, is a prisoner currently incarcerated at the Northwest

Correctional Center in Tiptonville, Tennessee. Plaintiff brought this suit under 42 U.S.C. § 1983, alleging that various officials at the correctional center violated his constitutional rights.

The events prompting plaintiff to file the present case are as follows. On May 30, 1995, a gang-related incident occurred at the correctional center in which several inmates were injured. In order to maintain control of the situation, the warden, Jerry Stover, ordered a lockdown of the correctional center. On July 26, 1995, another gang-related incident occurred that resulted in injury to inmates. Again, the warden ordered a lockdown of the correctional center.

Plaintiff filed a complaint, alleging that the lockdowns violated his rights under the Due Process Clause, the Equal Protection Clause, and the Cruel and Unusual Punishment Clause of the Constitution.

Defendants moved for dismissal or in the alternative, for summary judgment, on grounds that the lockdown did not restrain plaintiff's freedom to such a degree as to create a liberty interest afforded due process protection. Defendants further argued that plaintiff's complaint should have been dismissed for failure to clearly set forth in the complaint that he sued defendants in their individual capacities, rather than in their capacities as state officials. Finally, defendants asserted that they were entitled to qualified immunity because they had no reason to know that their actions violated some clearly established right of plaintiff.

Without opinion, the trial court granted defendants' motion for summary judgment on all three of the above grounds. This appeal followed.

Although plaintiff has raised a myriad of issues on appeal, we are constrained to review only those issues that were raised in the trial court. Simpson v. Frontier Community Credit Union, 810 S.W.2d 147, 153 (Tenn. 1991). Consequently, the sole issue for our

review is whether the trial court erred in granting summary judgment as to plaintiff's constitutional claims.

On appeal, we review a trial court's judgment granting summary judgment *de novo*. In evaluating a motion for summary judgment, this court must take the strongest legitimate view of the evidence in favor of the nonmovant, allow all reasonable inferences in favor of the nonmovant, and discard all countervailing evidence. Byrd v. Hall, 847 S.W.2d 208, 210-211 (Tenn. 1993). Summary judgment is appropriate when the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that, therefore, the moving party is entitled to judgment as a matter of law. Id. at 211. The facts of the present case are virtually undisputed, which makes this case particularly appropriate for resolution by summary judgment.

Section 1983 of Title 42 of the United State Code affords a civil remedy for violation of constitutional rights. This section provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress.

42 U.S.C. § 1983.

Accordingly, the plaintiff must establish that the defendants, while acting under color of state law, deprived the plaintiff of some right, privilege, or immunity secured by either the Constitution or other law of the United States.

We will first address plaintiff's contention that the lockdowns violated his due process rights.

A recent U.S. Supreme Court decision abandoned the analysis that had previously been employed in determining whether a state has created a protected liberty interest for prisoners. Sandin v. Conner, 115 S. Ct. 2293 (1995). In Sandin, the Court set forth the

3

current standard as follows:

> [T]hese [liberty] interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 2295 (internal citations omitted).

In the case *sub judice*, plaintiff has simply alleged in a conclusory fashion that the lockdowns deprived him of his rights. He has failed to proffer any evidence that the lockdown was unusually harsh or was instituted for any reason other than safety and prison security. We deem it to be clear that the restrictions imposed as a result of the gang-related incidents did not operate to place any "atypical and significant hardship" on the plaintiff in relation to the ordinary incidents of prison life.

We therefore conclude that the trial court properly granted summary judgment in favor of the defendants with respect to plaintiff's due process claims. An inmate has no liberty interest in remaining free of disciplinary or administrative segregation because such segregation does not impose an atypical or significant hardship on the inmate. Sandin v. Conner, 115 S. Ct. at 2300. In this case, the plaintiff has failed to demonstrate that the lockdown imposed an atypical or significant hardship on him in relation to the ordinary incidents of prison life.

Similarly, plaintiff has adduced no evidence in support of his contention that the lockdown constituted cruel and unusual punishment. In order for a prison official to violate the Cruel and Unusual Punishment Clause, the official must be "deliberately indifferent" to an inmate's safety or health. Farmer v. Brennan, 114 S. Ct. 1970, 1977-78 (1994). The record evinces no "deliberate indifference" on the part of defendants, nor is there any indication that plaintiff's health or safety was adversely affected.

Finally, we find no merit in plaintiff's equal protection claim. Even assuming that plaintiff could demonstrate that the defendants violated some right afforded to him under

4

the equal protection clause, we would nevertheless have to find that the challenged actions were not reasonably related to a legitimate penological interest in order to impose liability upon defendants. Turner v. Safley, 482 U.S. 78, 89 (1987). As the court stated in the recent case of Rawls v. Sundquist, No. 3-96-0107, 1996 WL 288622 (M.D. Tenn. May 23, 1996):

> Under the equal protection clause, prison administrators are entitled to place restrictions on the opportunities, rights and privileges accorded protective populations, provided that those restrictions are rational rather than arbitrary and capricious.

Id. at *6.

Under the facts of this case, plaintiff cannot show that defendants' actions in imposing lockdowns lack any rational basis. It is uncontroverted that the two gang-related incidents necessitated special measures in order to control the situation.

Moreover, the Supreme Court has concluded that constitutional safeguards are relaxed with respect to prison lockdowns when the welfare and security of the prison are threatened. Hewitt v. Helms, 459 U.S. 460, 467 (1983). When evaluating the constitutionality of the conduct of prison officials, the courts should afford them "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979).

As an additional basis for affirming the trial court's grant of summary judgment, we hold that the defendants were entitled to qualified immunity. Prison officials who perform discretionary functions are shielded from liability for civil damages when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In accordance with the foregoing discussion, it is our opinion that defendants' conduct satisfied this standard under the facts of the case at bar.

Having concluded that plaintiff has failed to demonstrate that there exists a genuine

5

issue of material fact for trial, we affirm the judgment of the court below in granting defendants' motion for summary judgment. Costs on appeal are taxed to plaintiff for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____
FARMER, J.

_____
LILLARD, J.